## CHARLES PHELPS *vs.* GEORGE R. TOWNSLEY.

If a mortgage of an undivided half of a lot of land is assigned, "for the purpose of protecting any one to whom" the assignee "has made conveyance of any lands conveyed by said mortgage, from all claims of dower," the assignee may foreclose the mortgage, and when he has done so may have partition of the land, against the owner of the other half, irrespective of any question as to the duty of the assignee, under the above provision of the assignment.

PETITION for partition. The following facts were agreed in the superior court: The petitioner claimed title under the foreclosure, by himself, of a mortgage of one undivided half of the premises, originally given by Wells Lathrop to George Frost, in 1842, and assigned by the administratrix of the estate of Frost to John Mills, who assigned the same to the petitioner, the assignment reciting that it was made "for the purpose of protecting any one to whom said Phelps has made conveyance of any lands conveyed by said mortgage, and also such persons to whom John Mills, in his own name, or in the name of John Mills and John Mills, Jr., may have conveyed lands covered by the same, from all claims of dower." The respondent owned the other half of the premises. The petitioner had, by deed of warranty, conveyed the premises to John Mills, Jr., who with John Mills had conveyed a portion thereof to the respondent, by a like deed. The mortgage of Lathrop barred his wife's dower but, after his death, she had a right of dower in the equity, the title to which had come, by mesne conveyances, to John Mills

Jr., in 1847; and the foreclosure of the mortgage became abso-lute in March 1864. After the commencement of this petition, the heirs of John Mills conveyed all their interest in the premises to the respondent.

On these facts, judgment was rendered for the petitioner; and the respondent appealed to this court.

*N. A. Leonard,* for the respondent. The language of the as-signment creates a trust. The extent of the interest of Phelps was defined therein; and he has no further interest than such as is necessary to carry out the trust. *Nicoll* v. *Walworth,* 4 Denio, 385. *Doe* v. *Nicholls,* 1 B. & C. 336. *Doe* v. *Edlin,* 4 Ad. & El. 582. *Stearns* v. *Palmer,* 10 Met. 32. Even if a foreclosure was desirable to carry out this purpose, a partition is not neces-sary. All the purposes of the trust are satisfied with the fore-closure. The residue of the estate descended to the heirs of Mills. *Easterbrooks* v. *Tillinghast,* 5 Gray, 17.

*J. Wells,* for the petitioner.

BIGELOW, C. J. The mortgage under which the petitioner claims as assignee, having been duly foreclosed, clearly vests in him a paramount title to one half of the premises in controversy, which entitles him to seek for partition.

If, as is urged by the respondent, the assignment of the mort-gage to the petitioner creates a trust in him by which he is bound, we do not see that the partition for which he seeks will violate that trust. And if it would, we know of no ground on which an alleged violation of a trust can be set up in a court of law as an answer to a valid legal title in the petitioner. A remedy for the enforcement and regulation of a trust must be sought in equity.                    *Partition ordered.*